UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALBERT TRANQUILLO, III,

                        Petitioner,

   -against-                                                    10 Civ. 5161   (PKC)
                                                                  S2 08 Cr. 236   (PKC)
UNITED STATES OF AMERICA,

                        Respondent.                               MEMORANDUM
                                                                  AND ORDER

-----------------------------------------------------------X

```
┌────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____             │
│ DATE FILED: 2-18-11         │
└────────────────────────────┘
```

CASTEL, U.S.D.J.:

       Albert Tranquillo, III has filed, pro se, a petition to vacate, set aside or

correct a sentence pursuant to 28 U.S.C. § 2255, asserting that he was deprived of the

effective assistance of counsel guaranteed by the Sixth Amendment to the United States

Constitution, and that his plea was unintelligent and involuntary, thereby violating the

Fifth Amendment's due process clause.

       In a superseding indictment (the "Indictment"), the government charged

Tranquillo with one count of conspiracy to commit mail fraud in violation of 18 U.S.C.

§§ 1341 and 1349, one substantive count of mail fraud in violation of 18 U.S.C. § 1341

and one count of bribery in violation of 18 U.S.C. § 666.  It alleged that Tranquillo

conspired to carry out an over-billing scheme to defraud the City of Mount Vernon of

$1,250,000 for services provided under a waste-carting contract, and charged him with a

substantive count as to the same scheme.  (Indictment ¶¶ 2-8, 13.)  The Indictment also

charged Tranquillo with bribing an agent of the City of Mount Vernon and the Mount

Vernon Department of Public Works to effectuate the plan.  (Indictment ¶ 14.)

The defendant consented to proceed before a Magistrate Judge on his plea allocution. (Docket # 25.) On April 7, 2009, Tranquillo entered a plea of guilty to counts one and three before Magistrate Judge George A. Yanthis. (Transcript Attached at Devlin-Brown Letter Ex. B.) On April 7, 2009, the petitioner executed a plea agreement, which is dated April 3, 2009. (Attached at Devlin-Brown Letter Ex. A.) According to the petitioner, his attorney failed to investigate the lack of inculpatory evidence that certain government witness would have provided and failed to advise that he would receive a consecutive, as opposed to concurrent, sentence. (Petition at 5.) He asserts that, having been "misled" by counsel into believing that he would receive a concurrent sentence, his plea was "ill-informed" and "unintelligent." (Petition at 6.)

At the plea allocution, the petitioner stated that he was satisfied with the representation of his attorney, Barry Levin, Esq. (Plea Tr. at 4.) He confirmed that no one had pressured him or did anything improper to elicit his guilty plea, and that there were no "specific promises" made as to "what your sentence will be in this matter[.]" (Plea Tr. at 20.) He confirmed that he had reviewed his plea agreement with counsel and that he understood "everything that is included in the plea agreement." (Plea Tr. at 6.) Tranquillo stated on the record that he understood that his total maximum penalty could be 30 years of incarceration. (Plea Tr. at 22.) The government explained on the record that the plea agreement permitted either party "to argue to the district court as to whether or not the defendant's sentence should be concurrent, consecutive or partially concurrent to a sentence the defendant is already serving right now on another federal case," and that the parties agreed that there would be no appeal as to whether a plea should be consecutive, concurrent or partially concurrent. (Plea Tr. at 22-23.) Petitioner's counsel

2

confirmed that these were the agreed-upon terms of the plea agreement.  (Plea Tr. at 23.)
The relevant text of the plea agreement states: "Additionally, the defendant reserves the
right to argue that the sentence imposed by the Court in the instant offense should run
concurrently to the defendant's May 2, 2007 sentence described above; the Government
reserves the right to argue that the sentence imposed should run consecutively to the
defendant's May 2, 2007 sentence."  (Plea Agrmt. at 4.)

On May 18, 2009, Judge Stephen C. Robinson accepted the Report and
Recommendation of Magistrate Judge Yanthis, which recommended that the guilty plea
be accepted.  (Docket # 30.)  On June 30, Judge Robinson sentenced Tranquillo
principally to 84 months of imprisonment on Count 1 and Count 3 to run concurrently
with each other.  (Sentencing Tr. at 52-53.)  This sentence of 84 months fell within the
Plea Agreement's stipulated guidelines range of 84 to 105 months' imprisonment.  (Plea
Agrmt. at 3-4.)  The Court imposed the sentence to run consecutive to a 100-month
sentence imposed by Judge Kaplan of this District in a separate case.  (Sentencing Tr. at
52-53.)

As an initial matter, in entering into the plea agreement, the petitioner
expressly waived any right to collaterally attack a sentence with the Stipulated Guidelines
Range set forth in the plea agreement.  The plea agreement states "that the defendant will
not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255
and/or Section 2241, any sentence within or below the Stipulated Guidelines Range (84
to 105 months') set forth above . . . ."  (Plea Agrmt. at 5.)  Such a waiver is valid and
enforceable.  Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001); see also
United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam) ("In no

3

circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."); United States v. Garcia, 166 F.3d 519, 522 (2d Cir. 1999) ("'If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless.'") (quoting United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)).  In a reply memorandum, Tranquillo cites to "pressure tactics" by his attorney, and counsel's statement that the petitioner would be sentenced concurrent to the sentence imposed by Judge Kaplan.  (Reply Mem. at 2.)  He attaches an e-mail purported to be from his counsel's aol.com e-mail address sent to an "ltranq28" e-mail address, stating that the petitioner "could get a full 48 months concurrent, leaving 36 months."  (Reply Mem. Ex. 1.)  This was a statement conditioned on what "could" happen, and is not reflective of high-pressure tactics.  The petitioner's otherwise conclusory assertions that he was pressured into his guilty plea are insufficient to collaterally attack the waiver, and on the basis of waiver alone, the petition is denied.

Assuming arguendo that the petition were not barred by waiver, the petitioner would nevertheless have failed to set forward a basis to vacate, set aside or correct his sentence.  The petitioner stated on the record and in open court that he was satisfied with his representation, understood the terms of his plea agreement, and understood the potential sentence he would receive.  (Plea Tr. 4, 6, 22.)  Testimony at allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently

4

made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001) (citations omitted).

The petition consists of broad and self-serving allegations, and does not set forth a

plausible basis to collaterally attack the petitioner's sentencing or to further reconsider his

testimony at allocution.  Beyond its assertions concerning counsel's sentencing advice,

the petition includes no detail whatsoever concerning the witnesses that counsel allegedly

failed to investigate and does not explain why the alleged failure to investigate was

prejudicial.

    In his reply memorandum, the petitioner asserts that a "family attorney"

who visited him and discussed trial strategy unlawfully provided information to a

confidential informant.  (Reply at 2.)  He also asserts that the government engaged in

misconduct by misstating testimony from a cousin of the petitioner, and that his counsel

failed to adequately scrutinize the government's representations as to his cousin's role.

(Reply at 2-3.)  In support of both assertions, he cites a sentencing memorandum that the

government submitted to Judge Robinson, as well as an unsigned, draft affidavit

purported to be from his cousin.  (Reply Exs. 2-3, 5.)  The draft affidavit states that

Tranquillo would occasionally deliver envelopes containing invoices, but that no

envelopes contained cash.  (Reply Ex. 5.)  "[C]ounsel has a duty to make reasonable

investigations or to make a reasonable decision that makes particular investigations

unnecessary."  Strickland v. Washington, 466 U.S. 668, 691 (1984).  Assuming the truth

of the petitioner's conclusory assertions and the contents of the unsigned affidavit, the

petitioner has not set forth any basis from which to conclude that counsel's failure to

investigate was unreasonable, or that the petitioner was prejudiced as a result of the

purported failure to investigate.  Indeed, the proposed affidavit is heavily qualified as to

the affiant's understanding of the petitioner's conduct. (Reply Ex. 5.) The assertions concerning the conduct of the "family attorney" are wholly speculative, and are, in any event, unrelated to the constitutional violations set forth in the petition.

The contents of the plea agreement and the exchange at plea allocution were sufficient to make the petitioner aware that he could be subject to consecutive sentences. Assuming that defense counsel made statements concerning future sentencing that contradicted the plea agreement and statements made at allocution, the petitioner still fails to set forth a cognizable basis as to why, under Strickland, he would have been prejudiced. Both the plea agreement and statements made on the record and in open court at the plea allocution reflected the petitioner's awareness that he could receive consecutive sentences. Thus, assuming that the petitioner received erroneous advice from his counsel, and that this bad advice "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, the petition does not adequately assert that "but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

Based on the foregoing reasons, the petition is DENIED. The Clerk is directed to enter judgment for the respondent.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:       New York, New York
             February 18, 2011

6